UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRAVES, | No. 2:14-cv-0765-JAM AC PS |
| Plaintiff, | |
| v. | ORDER |
| COSUMNES RIVER COLLEGE, ET AL., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

A.   Screening the Complaint

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

While plaintiff appears to accuse defendants of discriminating against him on account of his unidentified ethnic background, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific

1  terms how each named defendant is involved.  There can be no liability under § 1983 unless there
2  is some affirmative link between a defendant's actions and the claimed deprivation.  <u>Rizzo v.</u>
3  <u>Goode</u>, 423 U.S. 362 (9176); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v.</u>
4  <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

5        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading.  This is because, as a
8  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
9  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
10  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
11  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12  B.     <u>Miscellaneous Motions</u>

13        In addition to his motion to proceed in forma pauperis, plaintiff has filed the following
14  four motions: (1) a March 26, 2014 motion for order to defendant to allow plaintiff's class
15  attendance, (2) an April 2, 2014 motion for the court to grant due process, (3) an April 3, 2014
16  second motion for the court to grant due process, and (4) an April 4, 2014 third motion for the
17  court to grant due process.  In the March 26, 2014 motion, plaintiff seeks a court order granting
18  him an opportunity to enroll in a class that he contends he is not allowed to attend.  The court
19  finds the three motions for due process (ECF Nos. 4-6) to be nonsensical, and will deny them
20  accordingly.

21        In accordance with the above, IT IS HEREBY ORDERED that:

22      1.  Plaintiff's application to proceed in forma pauperis is granted (ECF No. 2);
23      2.  Plaintiff's March 26, 2014 motion for order to allow his class attendance (ECF No. 3)
24          is denied;
25      3.  Plaintiff's April 2, 3, and 4, 2014 motions for the court to grant due process (ECF Nos.
26          4-6) are denied;
27      4.  Plaintiff's complaint is dismissed; and
28      5.  Plaintiff is granted thirty days from the date of service of this order to file an amended

complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 14, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE