1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PETER GRAVES,                              No.  2:14-cv-0765-JAM AC PS

12                  Plaintiff,

13       v.                                    FINDINGS & RECOMMENDATIONS

14  COSUMNES RIVER COLLEGE, ET AL.,

15                  Defendants.

16

17          Plaintiff, proceeding in this action pro se and in forma pauperis, has filed a first amended

18  complaint ("FAC"), ECF No. 12, after his original pleading was dismissed as vague and

19  conclusory.  See ECF 9 (previous screening order).  The FAC is 40 pages long and accompanied

20  by almost 150 pages of exhibits.  The federal in forma pauperis statute authorizes federal courts to

21  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

22  relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

23  28 U.S.C. § 1915(e)(2).

24          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

26  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

27  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

28  490 U.S. at 327.  A complaint, or portion thereof, should only be dismissed for failure to state a

1

claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the FAC, plaintiff brings suit against Consumnes River College ("CRC"), Professor Debra Evans, John McPeek, Brian Bedford, Debra Travis, Los Rios Community College, Ruth Scribner, and Dr. Brian King.  Though not entirely clear, it appears that plaintiff was interested in enrolling in a class taught by Professor Evans at CRC.  Plaintiff, though, did not actually enroll in the class at first because he wanted to determine whether the class met his educational needs. During the first few days of the course, Professor Evans invited ideas for a project, listing other students' ideas on a board but excluding plaintiff's idea.  Also during those first few days, plaintiff was allegedly elected a Project Manager, but was not given the level of responsibility typically assumed by a Project Manager.  When plaintiff attempted to add this class after the enrollment deadline, he was denied by defendants.

Plaintiff now accuses Professor Evans of "disallow[ing plaintiff] to enroll into class, due to [his] ethnic background," of "racist conduct by excluding Plaintiff from class participation and humiliating [him] in front of [his] peers," and of "set[ting] up the class to run [plaintiff] out because of [his] ethnic background"; accuses the CRC and Brian Bedford of refusing to enroll plaintiff in another class "because of [his] ethnic background"; and accuses the remaining defendants of condoning Professor Evans's conduct in one unspecified form or another.  He summarizes the gravamen of his case as follows:  "In one sentence to the court: Prof. Evans doesn't teach me skills, she teaches me to hate and from my viewpoint this is unacceptable and illegal."  ECF No. 12 at 7.

When a plaintiff appears pro se in a civil rights case, "the court must construe the

2

1   pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los

2   Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir.1988).  When interpreting the pleadings

3   liberally, however, the court "may not supply essential elements of the claim that were not

4   initially pled." Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

5   Additionally, a court need not accept as true unreasonable inferences, unwarranted deductions of

6   fact, or conclusory legal allegations cast in the form of factual allegations.  See Adams v.

7   Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).  Before the court can dismiss a pro se civil rights

8   complaint for failure to state a claim, the court must give the plaintiff a "statement of the

9   complaint's deficiencies." Karim-Panahi, 839 F.2d at 623.  Moreover, a pro se litigant "must be

10  given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the

11  complaint could not be cured by amendment." Id. at 623 (citation omitted).

12      Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and

13  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

14  defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic

15  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Rule 8(d)(1) states "[e]ach

16  allegation must be simple, concise, and direct."  The claim for relief must be "plausible on its

17  face," meaning that the "factual content [ ] allows the court to draw the reasonable inference that

18  the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

19  (citation omitted).  Lengthy complaints can violate Rule 8 if a defendant would have difficulty

20  responding to the complaint. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d

21  1047, 1059 (9th Cir. 2011).  Furthermore, while a pro se plaintiff should generally be given leave

22  to amend, "federal courts are far less charitable when one or more amended pleadings already

23  have been filed with no measurable increase in clarity."  5 Charles Alan Wright & Arthur R.

24  Miller, Federal Practice and Procedure § 1217 (3d ed. 2004); see also Schmidt v. Herrmann, 614

25  F.2d 1221, 1224 (9th Cir. 1980) (affirming dismissal of second amended complaint with

26  prejudice where pleading consisted of "confusing, distracting, ambiguous, and unintelligible"

27  allegations in violation of Rule 8).

28      The FAC does not even minimally comply with the standards set forth in Rule 8.

1  Plaintiff's claims are not short and plain statements, nor are they simple, concise or direct. <u>See</u>

2  <u>Twombly</u>, 550 U.S. at 555. Rather, the FAC consists of long, rambling and incoherent

3  allegations that several constitutional rights and laws have been violated. These allegations are

4  interspersed with disjointed factual assertions and conclusions. Accordingly, plaintiff's first

5  amended complaint is still as unclear as the original complaint. Plaintiff failed to correct the

6  deficiencies in his pleadings as instructed by the Court.

7       Furthermore, Rule 8 requires plaintiff to identify each defendant by name so that the

8  defendants can be provided notice of the claims alleged against them and the Court can

9  reasonably infer that the defendants are liable. <u>See Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 556 U.S. at

10  678. Even though the Court specifically instructed plaintiff in dismissing the original complaint

11  to "allege in specific terms how each named defendant is involved," ECF No. 9 at 2-3, plaintiff

12  often simply lists "defendant" or "defendants" rather than identifying specific individuals or

13  entities and the allegedly discriminatory actions taken by them. Consequently, the FAC has

14  failed to clarify any of plaintiff's purported claims. <u>See Hearns</u>, 530 F.3d at 1137.

15       The Court granted plaintiff leave to amend with instructions on how to amend his

16  complaint in compliance with Rule 8. Nonetheless, the FAC still consists almost entirely of

17  rambling and nonsensical allegations. As plaintiff has had ample opportunity to correct the

18  deficiencies in his complaint, and he continues to make conclusory and incoherent allegations

19  which the Court previously advised plaintiff are insufficient, the Court finds that any further

20  attempt to amend would be futile.

21       In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's first

22  amended complaint be dismissed without leave to amend.

23       These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties. Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

28  objections shall be filed and served within fourteen days after service of the objections. The

4

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: August 21, 2014

4   _____
    ALLISON CLAIRE
5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28